# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

   **vs.**                                        **Case No. 05-C-0291**
                                                             **(00-Cr-50)**

**LARRY W. HARRIS,**
**a/k/a Larry W. Myratt,**

        **Movant.**

## DECISION AND ORDER

      Movant Larry W. Harris ("Harris"), a/k/a Larry W. Myratt, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. Harris was convicted after a jury trial finding him guilty of one count of bank robbery in violation of 18 U.S.C. § 2113(a). Harris appealed arguing that his conviction was tainted by a dubious line-up identification and two erroneous evidentiary rulings. The court of appeals affirmed. *See United States of America v. Harris*, 281 F. 3d 667 (7th Cir. 2002).

      Upon review pursuant to the Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, Harris was allowed to proceed on his claim that his sentence is illegal because the Court sentenced him based on incorrect information. Specifically, Harris states that he recently learned that two of the criminal convictions considered by this Court in calculating his criminal history score had been "nollie processed." Motion

Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody at 7. The United States was required to file an answer to that claim. In its answer, the government asserts that Harris's motion is untimely because it was filed more than one year after his conviction became final, Harris procedurally defaulted his claim, and that the government can not respond to Harris's substantive claim because it does not know what two convictions Harris believes were incorrectly considered by the Court at sentencing. The government wrote the defendant to obtain additional information and received no response.

Thereafter, Harris moved to withdraw the motion stating his motion is premature. The government opposes the motion to withdraw, stating that Harris should simply be given 30 days to supplement his motion.

Persons wishing to challenge a federal conviction are allowed a single opportunity to file a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. Leave to file any other subsequent petition must be obtained from the court of appeals. *See* 28 U.S.C. § 2255 ¶ 8. Under the circumstances, Harris should not be forced to prosecute a motion which he believes is premature. Harris's motion to withdraw his petition under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody is granted.

Prior to filing his motion to withdraw, Harris filed two motions for reconsideration. (Docket Nos. 8 & 10.) Those motions which relate to the Court's ruling that Harris could not proceed on a § 2255 claim under *United States v. Booker*, 543 U.S. 220 (2005) because his

conviction became final long before January 12, 2005, are moot because his petition is withdrawn and, therefore, they are denied. (The motions for reconsideration are also without merit.)

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Harris's motion to withdraw (Docket No. 11) his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody is **GRANTED**, and

Harris's motions for reconsideration (Docket Nos. 8 & 10) **DENIED** as moot.

Dated at Milwaukee, Wisconsin this 31st day of August, 2006.

**BY THE COURT**

**s/ Rudolph T. Randa**

**Hon. Rudolph T. Randa**
**Chief Judge**